# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES N. BROWN, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>ASSOCIATE WARDEN G. COOPER,<br>KEN HYLE, ASST. DIRECTOR,<br>SARA REVELL, REGIONAL<br>DIRECTOR,<br>KATHLEEN KENNEY, GEN.<br>COUNSEL,<br>L. LARIVA, WARDEN,<br>L. JANSSEN, R.N.,<br>C. ORUM, UNIT MANAGER,<br>R. WOLTMAN, CASE MANAGER,<br>FNU SANSON,<br>A. COSSETTE, UNIT MANAGER<br>D. HOLBUS, LIEUTENANT,<br>C. STROMBERG,<br>FNU HARE, LIEUTENANT,<br>PETER ARROYO,<br>CHARLES SLATER, MD,<br>SHEILA HADAWAY, MD,<br>MISBAH BAQIR, M.B.B.S.,<br>MAYO CLINIC,<br><br>    Defendants. | Civ. No. 18-219 (DSD/BRT)<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff James N. Brown, Jr.'s application seeking leave to proceed without prepaying fees or costs, or *in forma pauperis* ("IFP").

*See* Doc. No. 2. Brown was ordered to pay an initial partial filing fee for his case to proceed, which he has now paid. Doc. No. 13. This matter is therefore again before the Court for the purpose of determining whether Brown should be granted leave to proceed IFP in this case. Upon review of Brown's IFP application and complaint, the Court determines that the IFP application will be granted.

The Court notes that Brown has also filed a motion for appointment of counsel. Doc. No. 4. Indigent litigants do not have a constitutional or statutory right to counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. *Id*. "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). If the motion for counsel is brought early in the proceeding, there may be "no conflicting testimony" and no indication in the record that plaintiff is "unable to investigate or present his case." *Phillips*, 437 F.3d at 794. A plaintiff's "well-written filings with the court indicate his basic ability to state [his] claims." *Ward*, 721 F.3d at 943 (internal quotation omitted).

In support of his request for counsel, Brown describes various future aspects of his case that he believes will be too complex for him to handle with his health problems. Doc. No. 5. However, at this early stage in the proceedings, there are no signs that Brown is having trouble communicating with the Court. His complaint and attachments show

that he is so far able to investigate his claim and adequately describe both the factual and legal issues in his case. *Ward*, 721 F.3d at 943. The motion for appointment of counsel will therefore be denied without prejudice should Brown wish to renew it at a later time in the proceedings.

**ORDER**

1. The application to proceed *in forma pauperis* of plaintiff James N. Brown, Jr. (Doc. No. 2) is GRANTED.

2. Brown must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If Brown does not complete and return the Marshal Service Forms within 30 days of this order, it will be recommended that this matter be dismissed without prejudice for failure to prosecute. Marshal Service Forms will be provided to Brown by the Court.

3. Once the Marshal Service forms have been returned, the United States Marshals Service is directed to effect service of process on defendants.

4. Brown must pay the unpaid balance of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Brown is confined.

5. Defendants are ordered to respond to the pending Motion for Preliminary Injunction (Doc. No. 7) at the time they serve a responsive pleading.

6. Brown's Motion to Appoint Counsel (Doc. No. 4) is DENIED without prejudice.

Dated: March 12, 2018		*s/ Becky R. Thorson*
		BECKY R. THORSON
		United States Magistrate Judge