# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James N. Brown, Jr.,<br><br>    Plaintiff,<br><br>v.<br><br>Associate Warden G. Cooper; Ken Hyle, Asst. Director; Sara Revell, Regional Director; Kathleen Kenney, Gen. Counsel; L. LaRiva, Warden; L. Janssen, R.N.; C. Orum, Unit Manager; FNU Sanson; A. Cossette, Unit Manager; D. Holbus, Lieutenant; C. Stromberg, c/o FNU Hare, Lieutenant Peter Arroyo; Charles Slater, MD; Sheila Hadaway, MD; Misbah Baqir, MBBS; Mayo Clinic; M. Porter, R.N., Supervisor; and T. Miller, Captain;<br><br>    Defendants. | Civ. No. 18-219 (DSD/BRT)<br><br>**ORDER** |

*Pro se* Plaintiff James Brown, Jr., moves for appointment of counsel. (Doc. No. 40.) Indigent litigants do not have a constitutional or statutory right to counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. *Id.* "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper County Jail*, 437 F.3d 791,

794 (8th Cir. 2006). If the motion for counsel is brought early in the proceeding, there may be "no conflicting testimony" and no indication in the record that plaintiff is "unable to investigate or present his case." *Phillips*, 437 F.3d at 794. A plaintiff's "well-written filings with the court indicate his basic ability to state [his] claims." *Ward*, 721 F.3d at 943 (internal quotation omitted).

Plaintiff's first request for counsel was denied on March 13, 2018 without prejudice. (Doc. No. 15.) As described in his first request, Plaintiff claims that aspects of his case will be too complex for him to handle and that he is unable to obtain expert affidavits from prison. He also cites to his health problems. (Doc. No. 40.) Thus far, however, there are no signs that Plaintiff is having trouble communicating with the Court. The complaint and the various motions filed by Plaintiff demonstrate that he is able to investigate his claim and adequately describe the factual and legal issues in his case. *Ward*, 721 F.3d at 943. The motion for appointment of counsel will once again be denied without prejudice should Brown wish to renew it at a later time in the proceedings.

Plaintiff also moves the Court to provide him with a medical expert to assist with his case. (Doc. No. 42.) Plaintiff states that he "received a letter from the defendant Mayo Clinic and Dr. Misbah Baqir requesting that he get a affidavit from a medical expert" and that he "is in no way at all able to get this due to being in prison." (Doc. No. 40 at 4.) Plaintiff has attached a June 8, 2018 letter from Mayo and Dr. Misbah Baquir indicating that they believed Plaintiff had intended to assert a medical malpractice claim against the "Mayo Defendants" requiring an affidavit of expert review pursuant to Minnesota Statute Section 145.682. (Doc. No. 43.)

If Plaintiff is attempting to bring a medical malpractice claim against the Mayo Defendants, Minnesota state law could apply, presumably requiring Plaintiff to furnish two expert affidavits in support of his claims.[1] Plaintiff states he "is in no way able to provide a medical expert, because of being incarcerated and having no phone or email to make contact with the free world, things like this is out of plaintiff reach. This like this counsel could be best to handle these issue, this is why plaintiff should be appointed counsel." (Doc. No. 42.) Plaintiff is not entitled to affirmative assistance from the Court in litigating his claims. *See Baker v. Immanuel Med. Ctr.*, No. 8:06CV655, 2007 WL 2914547, at *2 (D. Neb. Oct. 3, 2007) ("Granting leave to proceed in forma pauperis does not grant the right to affirmative assistance from the court in conducting discovery.") Further, Federal Rule of Evidence 706 provides for the appointment of a neutral expert and does not contemplate the appointment of and compensation for an expert to aid one of the parties. *See Griffin v. Hillsborough Cnty. Dep't of Corr.*, No. 13-cv-539-SM, 2015 WL 3970291, at *3 (D.N.H. June 30, 3015). As other courts have pointed out, Plaintiff's "dilemma" because of his inability to pay for expert witnesses does not differ from that of nonprisoner claimants. *See Kennedy v. Huibregtse*, Case No. 13-CV-4, 2015 WL 13187299, at *3 (E.D. Wis. June 29, 2015).

This is not to say that a court should never exercise its discretion to appoint a neutral expert under Rule 706 in compelling circumstances. Such circumstances are not

---

[1] This Court makes no findings as to Plaintiff's claims or the applicable law at this stage.

presented here. *See Smith v. Jenkins*, 919 F.2d 90, 94 (8th Cir. 1990). Therefore, this motion will also be denied.

# ORDER

1. Plaintiff's Motion for Appointment of Counsel (Doc. No. 40) is **DENIED** without prejudice; and

2. Plaintiff's Motion for Medical Expert (Doc. No. 42) is **DENIED**.

Dated: July 10, 2018                              *s/ Becky R. Thorson*
                                                   BECKY R. THORSON
                                                   United States Magistrate Judge