# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

James N. Brown, Jr.,                                Civ. No. 18-219 (DSD/BRT)

       Plaintiff,

v.                                                                    **REPORT AND**
                                                                      **RECOMMENDATION**

Associate Warden G. Cooper; Ken Hyle,
Asst. Director; Sara Revell, Regional Director;
Kathleen Kenney, Gen. Counsel; L. LaRiva, Warden;
L. Janssen, R.N.; C. Orum, Unit Manager; FNU Sanson;
A. Cossette, Unit Manager; D. Holbus, Lieutenant;
C. Stromberg, c/o FNU Hare, Lieutenant Peter Arroyo;
Charles Slater, MD; Sheila Hadaway, MD;
Misbah Baqir, MBBS; Mayo Clinic;
M. Porter, R.N., Supervisor; and T. Miller, Captain;

       Defendants.

---

James Brown, Reg. No. 44935-424, Federal Medical Center, P.O. Box 4000, Rochester, MN 55903, *pro se* Plaintiff.

Erin M. Secord, Esq., Assistant United States Attorney, counsel for Defendants.

Vanessa J. Szalapski, Esq. and William R. Stoeri, Esq., Dorsey & Whitney LLP, counsel for Defendant Mayo Clinic.

---

BECKY R. THORSON, United States Magistrate Judge.

    *Pro se* Plaintiff James Brown brings claims related to his medical treatment at the Federal Medical Center in Rochester, Minnesota. Before the Court is Plaintiff's motion for a preliminary injunction. (Doc. No. 7.) This motion is opposed by two groups of

Defendants: the "Federal Defendants," Ken Hyle and Kathleen Kenney,[1] and the "Mayo Defendants," Mayo Clinic and Dr. Misbah Baquir. (*See* Doc. Nos. 44, 48.) For the reasons stated below, this Court recommends that Plaintiff's motion be denied.

Plaintiff alleges that he is terminally ill, having been diagnosed with Acute Fibrinous Organizing Pneumonia ("AFOP"). (Doc. No. 21, Am. Compl. 2, 4.) Plaintiff alleges, among other violations, that the Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (*Id.* at 3.) Plaintiff requests, among other relief, an order enjoining the Defendants from "continuing to deny the plaintiff an evaluation for a lung transplant, and further from denying the plaintiff placement on the transplant list to receive a lung transplant." (*Id.* at 12.) Plaintiff also asks for an injunction against continued retaliation in the form of disciplinary incident reports, placement in segregated housing, transfer to another facility, making classification or housing decisions that interfere with his medical treatment, and restricting Plaintiff's use of the telephone, email, and commissary services. (*Id.*)

In considering whether to grant injunctive relief, courts consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). No

---

[1]    The Department of Justice has yet to make representation decisions with respect to the remaining federal defendants. (Doc. No. 44, Federal Defendants' Mem. in Opp. 1 n.1.)

single factor is dispositive, but absent a showing of real or immediate threat, there can be no showing of irreparable injury. *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999). The burden of proving that a preliminary injunction should issue "rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

In his Motion for a Preliminary Injunction, Plaintiff states that prison officials are "not only intensely harassing him but they are intentionally obstructing his access to the necessary care to obtain a lung transplant which he needs to live." (Doc. No. 7 at 2.) In support of his motion, Plaintiff submitted a letter, dated October 31, 2017, from Dr. Baqir at the Mayo Clinic to Dr. Charles Slater at the Federal Medical Center in Rochester. (Doc. No. 10.) In this letter, Dr. Baqir notes that Plaintiff's lung functions have been "stable" since 2016, Plaintiff "does not need oxygen when he is sitting down," and that Plaintiff "will benefit from lung transplantation in the long run." (*Id.*)

Plaintiff disagrees with Dr. Baqir's assessment. Disagreement with the reasoned judgment of medical professionals, however, generally does not rise to the level of a constitutional violation. *See Pool v. Sebastian Cty., Ark.*, 418 F.3d 934, 942 (8th Cir. 2005) ("[M]ere disagreement with treatment decisions does not rise to the level of a constitutional violation."); *Long v. Nix,* 86 F.3d 761, 765 (8th Cir. 1996) ("Prisoners do not have a constitutional right to any particular type of treatment."). Therefore, at least at this stage of the proceedings, Plaintiff has not established that he is likely to succeed on the merits of this claim. Moreover, Dr. Baqir's statement that Plaintiff is not in immediate need of a lung transplant, but could benefit "in the long run," demonstrates that Plaintiff

is not under threat of irreparable harm.[2] Therefore, Plaintiff is not entitled to a preliminary injunction.[3]

In addition to his Eighth Amendment claim, Plaintiff also alleges violations of the First Amendment—Retaliation, the Rehabilitation Act, Equal Protection, and the Federal Tort Claims Act. (Am. Compl. 3.) Plaintiff seeks an order enjoining prison officials from denying access to telephone use, denying access to TRULINCS Public Messaging, denying housing in Building 9 of FMC Rochester, and continuing to threaten or harass Plaintiff or any prisoner assisting him in this action with threats of segregated housing, transfer, or false incident reports. (Doc. No. 7 at 6.) Plaintiff has not established that he is likely to succeed on any of the claims that may form the basis for these requested forms of relief.[4]

---

[2]     The Federal Defendants also argue that Plaintiff's motion should be denied for lack of service. This Court does not agree that the motion can be denied on that basis. *See, e.g.*, *Strahan v. Parham*, Civil Action No. 17-30068-MGM, 2017 WL 4339540, at *3 (D. Mass. June 30, 2017) (stating that a motion for a preliminary injunction can be entertained on the basis of "informal service"). Counsel for the Defendants have appeared in this case and received notice of Plaintiff's motion such that they were able to formally respond.

[3]     This case, however, is in its very early stages. None of the Federal Defendants have filed an answer, which is due on August 14, 2018, and discovery has yet to commence. (Doc. No. 71.) If adopted, this Report and Recommendation would not prevent or preclude Plaintiff from litigating the merits of his claims. It should also be noted that on July 9, 2018, the Mayo Defendants moved to dismiss, or in the alternative, for summary judgment. (Doc. No. 63.) Plaintiff will have the opportunity to oppose that motion on the merits, and the motion will be addressed in a separate Report and Recommendation

[4]     The Federal Defendants also argue that Plaintiff's motion should be denied because Plaintiff does not specify whether he is suing the Federal Defendants in their

(Footnote Continued on Next Page)

## III.    Recommendation

For the reasons stated above, and based on the files, records, and proceedings

herein, **IT IS HEREBY RECOMMENDED** that:

1.    Plaintiff's Motion for a Preliminary Injunction (Doc. No. 7) be **DENIED**.


Date: July 10, 2018.                          *s/ Becky R. Thorson*_____
                                             BECKY R. THORSON
                                             United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

(Footnote Continued from Previous Page)
individual or official capacities, in which case courts in the Eighth Circuit presume that the claims are official capacity claims and sovereign immunity attaches. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("In actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability."). The Federal Defendants may be referring to the original Complaint, however, the Amended Complaint states that "[e]ach defendant is sued individually and in his/her official capacity." (Am. Compl. 3.) Therefore, sovereign immunity is not a basis for denial of Plaintiff's motion.