UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James N. Brown, Jr., | Civ. No. 18-219 (DSD/BRT) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Associate Warden G. Cooper; Ken Hyle, Asst. Director; Sara Revell, Regional Director; Kathleen Kenney, Gen. Counsel; L. LaRiva, Warden; L. Janssen, R.N.; C. Orum, Unit Manager; FNU Sanson; A. Cossette, Unit Manager; D. Holbus, Lieutenant; C. Stromberg, c/o FNU Hare, Lieutenant Peter Arroyo; Charles Slater, MD; Sheila Hadaway, MD; Misbah Baqir, MBBS; Mayo Clinic; M. Porter, R.N., Supervisor; and T. Miller, Captain; | |
| Defendants. | |

Plaintiff moves for a preliminary injunction. (Doc. No. 124.) In this motion, Plaintiff seeks an order enjoining prison officials from: (1) continuing to deny and block Plaintiff from using the BOP's inmate phone and emailing system; (2) transferring Plaintiff to another prison; (3) denying Plaintiff the right to shop at the prison commissary; and (4) denying Plaintiff the right to place legal phone calls. (Doc. No. 124 at 4.) Plaintiff also filed a separate "Request" seeking similar relief. (*See* Doc. No. 123.)

To determine whether Plaintiff is entitled to preliminary injunctive relief, the Court considers whether there is a substantial threat that the movant will suffer irreparable harm if relief is not granted; does the irreparable harm to movant outweigh any potential harm that granting a preliminary injunction may cause the nonmoving

parties; is there a substantial probability that the movant will prevail on the merits; and the public interest. *See Northland Ins. Cos. v. Blaylock*, 115 F. Supp. 2d 1108, 1116 (D. Minn. 2000) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). Plaintiff's motion fails to satisfy these factors, primarily because his request for injunctive relief is entirely unrelated to Plaintiff's claims, which are Eighth Amendment, deliberate indifference claims. Put another way, Plaintiff did not establish or even argue that he is likely to succeed on the merits of his claim that he should be given better medical care. Therefore, this Court will recommend that Plaintiff's motion be denied.[1]

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for a Preliminary Injunction (Doc. No. 124) be **DENIED**.

Date: September 5, 2018.           *s/ Becky R. Thorson*_____
                                   BECKY R. THORSON
                                   United States Magistrate Judge

---

[1] In addition, with respect to Plaintiff's request that he not be transferred to another prison, transfer decisions are generally left to the discretion of prison officials. *See Irving v. Wells*, No. 1:18-CV-47 JMB, 2018 WL 3609449, at *2 (E.D. Mo. July 27, 2018) (citing *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984)). Plaintiff does not offer any evidence in any event to suggest that he is in danger of being transferred. Plaintiff also did not establish that he has exhausted his administrative remedies. *See Booth v. Churner*, 531 U.S. 731, 733–34 (2001) (explaining that the Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions").

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).